Argued and submitted May 16, rule held valid July 23, 1986

# OREGON INDEPENDENCE DAY ASSOCIATION, INC.,
*Petitioner,*

*v.*

# STATE FIRE MARSHALL FOR THE STATE OF OREGON,
*Respondent.*

(CA A35966)

721 P2d 1389

Brendan Stocklin-Enright, Portland, argued the cause for petitioner. With him on the briefs was Moshofsky, Dilorenzo & Dietz, Portland.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Petitioner seeks review of a rule promulgated by the State Fire Marshall, which prohibits the sale of certain pyrotechnic devices known as "crazy jacks" and "jumping jacks." Petitioner argues that the rule is invalid, because it exceeds the rule making authority of the Fire Marshall in that the legislation on the subject of pyrotechnic devices is so specific as to preclude interpretive rule making.

Certain pyrotechnic devices, including "ground spinners," are excluded from the definition of "fireworks" by ORS 480.110(1)(d). Their sale is regulated by ORS 480.127. ORS 480.127(1) provides that persons who desire to sell the items shall apply for a permit, which shall be issued

"* * * only if the State Fire Marshall finds that the applicant is qualified to conduct the proposed sale and that the proposed sale will conform to the provisions of ORS 480.110 to 480.160 and any rules promulgated pursuant thereto. * * *"

ORS 480.127(4) describes the exempt items and provides, in pertinent part:

"As used in this section:

"* * * * *

"(e) 'Ground spinner' means a small device similar to a wheel in design and effect and containing not more than 60 grams of pyrotechnic composition. When placed on the ground and ignited, a shower of colored sparks is produced by the rapidly spinning device.

"* * * * *

"(g) 'Wheel' means a pyrotechnic device attached to a post or tree by means of a nail or string. Each wheel may contain not more than six driver units or tubes not exceeding one-half inch (12.5mm) inside diameter and containing not more than 60 grams of pyrotechnic composition. Upon ignition, the wheel revolves and produces a shower of colored sparks, and sometimes a whistling effect."

In 1985, the Fire Marshall promulgated rules regulating the sale of the items named in ORS 480.127. OAR 837-12-100 to OAR 837-12-115. The rules refer to the pyrotechnic devices described in ORS 480.127 as "exempt

fireworks." OAR 837-12-100(1). Petitioner challenges OAR 837-12-115(10), which provides:

> " 'Crazy Jacks,' 'Jumping Jacks,' and similar spinning devices that do not have a base or other means to prevent uncontrolled and unpredictable movement during discharge are not similar to a wheel in design and effect, and therefore are not 'ground spinners' as defined in ORS 480.127(4)(e). Due to uncontrolled and unpredictable behavior, these devices present a severe hazard to [sic] fire and injury and sale is therefore prohibited. Uncontrolled and unpredictable behavior is defined as movement of more than six feet horizontally and/or six inches vertically from point of ignition. Testing of fireworks devices to determine conformance with this criteria [sic], shall be conducted in accordance with the manufacturer's instructions for use."

Petitioner argues that, because the legislature approved the sale of "ground spinners" in ORS 480.127, the Fire Marshall lacks authority to ban the sale of some ground spinners when exercising his power to issue permits for the sale of exempt fireworks. Petitioner misunderstands both the effect of the rule it challenges and the Fire Marshall's statutory authority.

■ OAR 837-12-115(10) reflects a determination that "crazy jacks" and "jumping jacks" are not "ground spinners" as that term is defined in ORS 480.127(4)(e). The determination results from an interpretation of the statutory phrase, "similar to a wheel in design and effect," which is an inexact phrase which the Fire Marshall may interpret, when applying the term to a set of facts, by giving effect to the legislature's intent. *Springfield Education Assn. v. School Dist.*, 290 Or 217, 224-26, 621 P2d 547 (1980). The Fire Marshall determined that the legislature intended "ground spinners" to be "similar to a wheel in design and effect" in that they would "revolve" around a base and not move in an "uncontrolled and unpredictable" manner. Because the definition of "ground spinner" in ORS 480.127(4)(e) employs an inexact phrase, the Fire Marshall was authorized to interpret it by rule. He did not ban the sale of certain ground spinners, as petitioner argues, but determined that certain items did not fit within the statutory definition of "ground spinner."

■ It is also clear that the Fire Marshall was authorized to make rules regulating the sale of exempt fireworks. The authority to make rules relating to the granting of permits for

the sale of items described in 480.127(4) is conferred by ORS 480.150(1). Furthermore, ORS 480.127(1) requires the Fire Marshall to find "that the proposed sale will conform to the provisions of ORS 480.110 to 480.160 *and any rules promulgated pursuant thereto."* (Emphasis supplied.) A sale will not conform to ORS 480.127 if the items proposed to be sold are not identified in ORS 480.127(4). The authority to determine whether the sale of certain pyrotechnic devices is permissible under ORS 480.127 necessarily includes the power to determine if a particular device is covered by that section. Petitioner's claim that the Fire Marshall lacked statutory authority to promulgate OAR 837-12-115(10) is without merit.[1]

Rule held valid.

---

[1] Petitioner's constitutional argument that the rule is void for vagueness is also without merit.